UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN DAVID RAMSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Nos. |
| | ) | 11-1710 and 11-2277 (RMC) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

John David Ramsey filed two complaints under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, Civil Action Numbers 11-1710 and 11-2277.  Plaintiff in both cases, John David Ramsey, alleges medical malpractice due to the Washington VA Hospital's erroneous reading of an x-ray on August 18, 2010.  On December 23, 2011, the Court dismissed Case Number 11-2277 (the "Second Suit") as duplicative of Civil Action No. 11-1710 (the "First Suit").

Mr. Ramsey moves to vacate the Court's December 23, 2011 Order.  The complaints in both cases are identical, except that the Complaint in the Second Suit includes the following additional allegation: "Pursuant to the Medical Malpractice Act of 2006 [D.C. Code § 16-2803], notices were delivered to each of the Defendants[1] advising of Plaintiff's intent to file suit."  Second Suit, Compl. ¶ 4.  The Medical Malpractice Act provides that a "legal action alleging medical malpractice shall not be commenced" unless notice is given to the intended defendant 90 days prior

---

[1] In both cases the sole named defendant is the United States.

to filing the action. D.C. Code § 16-2802(a). The 90-day notice provision is a prerequisite to suit, *Lacek v. Washington Hospital Center*, 978 A.2d 1194, 1196 (D.C. 2009), and operates in addition to any claim procedure requirement of the FTCA. *See, e.g., Stanley v. United States*, 321 F. Supp. 2d 805, 808-09 (N.D.W.Va. 2004) (reviewing W. Va. Code § 55-7B-6 containing notice provision similar to D.C. Code § 16-2802(a)).

      Mr. Ramsey filed the First Suit on September 22, 2011. On the same date, he provided the required 90-day medical malpractice notice to the United States. Ninety days later, on December 21, 2011, he filed the Second Suit, alleging that he had provided the malpractice notice. Because (1) a malpractice notice is a prerequisite under D.C. law and (2) under the FTCA the United States can only be liable in the same manner as a private individual under similar circumstances, *see* 28 U.S.C. §§ 1346(b)(1) & 2674, Defendant has moved to dismiss the First Suit for lack of jurisdiction or failure to state a claim. *See* First Suit, Def.'s Mot. to Dismiss [Dkt. # 4].[2]

      Mr. Ramsey seeks to reinstate the Second Suit. While he impliedly recognizes that pursuit of duplicative claims should not be permitted and that the First Suit is defective due to lack of the 90-day notice, Mr. Ramsey argues that dismissal of the Second Suit is unjust "because the statute of limitations has run [and], by dismissing Case Two, this Court's December 23, 2011 Order may have the impact of dismissing Plaintiff's case entirely . . . ." Mot. to Vacate [Dkt. # 3] at 3.[3] Noting that Mr. Ramsey should have voluntarily dismissed the First Suit and then refiled the case after the 90-day notice period expired, Defendant argues that the dismissal of the duplicative Second

---

[2] Mr. Ramsey has not yet responded to the motion to dismiss the First Suit.

[3] The six month statute of limitations applicable to the FTCA claim expired on January 5, 2012.

Suit was solely due to the fault of Plaintiff and that he should be stuck with the result.

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Further, there are strong policies in favor of resolving cases on their merits. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Here, Mr. Ramsey has shown that the Second Suit should be reinstated to prevent injustice. Plaintiff filed the Second Suit after providing the 90-day notice, Defendant had notice of the action, and a decision on the merits is warranted.

While the Second Suit should be reinstated, Plaintiff cannot maintain a duplicate action. *See Zerilli v. Evening News Ass'n*, 628 F.2d 217, 222 (D.C. Cir. 1980) (a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant"). Moreover, Defendant has demonstrated that the First Suit should be dismissed for failure to provide the 90-day notice, a prerequisite to suit.

Therefore, it is hereby

**ORDERED** that in Civil No. 11-2277 Plaintiff's motion to vacate [Dkt. #3] is **GRANTED**, the Court's December 23, 2011 Minute Order dismissing the case is **VACATED**, and the Deputy Clerk shall reopen the case; and it is

**FURTHER ORDERED** that in Civil No. 11-1710 Defendant's motion to dismiss [Dkt. #4] is **GRANTED**, the case is **DISMISSED**, and the Deputy Clerk shall close the case. With regard to Civil No. 11-1710, this is a final appealable order. *See* Fed. R. App. P. 4(a).

**SO ORDERED.**

Date: January 20, 2012                               /s/
                                                       ROSEMARY M. COLLYER
                                                       United States District Judge